UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 14-264(1) (DWF/JJK)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

TONY ROBINSON,

        Defendant.

**GOVERNMENT'S POSITION REGARDING SENTENCING**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Michael L. Cheever, Assistant United States Attorney, submits this memorandum regarding the sentencing of defendant Tony Robinson. The defendant pled guilty to count 1 of the indictment, conspiring to submit false tax returns to the IRS in violation of 18 U.S.C. § 286, and count 3, submitting a false claim to the IRS in violation of 18 U.S.C. § 287. Robinson should be sentenced to a term of imprisonment within the range of 84 to 105 months.

    A.    **The Presentence Investigation Report.**

The government has no objections to the December 29, 2014, presentence investigation report ("PSR"). With regard to Robinson's objection to paragraph 36 of the PSR, the government does not have evidence to present in support of the 2-point enhancement for identity theft. The enhancement does not affect the overall guideline

1

calculations for this case, however, because the cross-reference of U.S.S.G. § 2B1.1(c)(3) applies. PSR ¶ 37.

With regard to the restitution amounts set forth in paragraph 121 of the PSR, the government has advised Robinson and the Probation Office that some of the amounts should also be made payable jointly with three other co-conspirators, Carmen Allen, Vanessa Walberg, and DeeAnna Crist. This Court previously ordered them to pay restitution in separate cases. The restitution totals for Robinson are set forth in the summary spreadsheet which is attached to this memorandum as Government Sentencing Exhibit A. The specific tax returns relating to the restitution amounts are set forth in Government Sentencing Exhibit B, which is being provided to the Court in hard copy form.

**B.     The Applicable Guideline Range.**

The Court should find the applicable guideline range to be 84 to 105 months, based on a total offense level of 23 and criminal history category V. In determining the defendant's sentence, this Court must remain cognizant of the Guidelines "throughout the sentencing process." Gall v. United States, 552 U.S. 38, 50 n.6 (2007); 18 U.S.C. § 3553(a)(4).

The Court should not depart or vary from the guideline range because of Robinson's criminal history. Robinson argued to the Probation Office that his two criminal history points for his felony identity theft conviction in Hennepin County should be disregarded. Robinson was convicted of felony financial transaction card fraud in a

separate, Dakota County case. His sentences in each case (1 year and a day; and 15 months) were both imposed concurrently with Robinson's 91-month sentence for felony first degree criminal sexual conduct in Ramsey County. PSR ¶¶ 54-56. The state court judges in Dakota and Hennepin Counties were in a better position to determine the appropriate sentences for the cases before them. This Court should not try to re-evaluate the overlap between the two cases at this time.

The Court also should not depart or vary from the guideline range because of the time Robinson has been in custody at the Sherburne County Jail. When he was arrested in this case, Robinson was violating his supervised release conditions in his state sexual misconduct case for a second time by possessing an iPhone with internet access capabilities. His supervised release term was revoked, and he was held at MCF-Lino Lakes for up to 90 days, which would have ended on December 15, 2014. On September 23, 2014, Robinson was detained in this case, and he has since been held at the Sherburne County jail in federal custody. The government anticipates Robinson will receive credit against his federal sentence for the time he has been in federal custody from December 15, 2014, until the date of sentencing in this case. He will not receive credit for the time he was held in federal custody from September 23 to December 15, 2014, because he was receiving credit against his state sexual misconduct sentence for that time. *See* 18 U.S.C. § 3585(b).

### C. The Sentencing Commission's Policy Statements.

In determining the appropriate sentence, this Court must also consider the Sentencing Commission's policy statements regarding sentencing. 18 U.S.C. § 3553(a)(5). When a variance is granted for reasons contravening Sentencing Commission policy, this Court must explain its disagreement with that policy. *E.g.*, 18 U.S.C. § 3553(a)(5); *United States v. Coughlin*, 500 F.3d 813, 819 (8th Cir. 2007). The greater the Court's variance, the more detailed its explanation must be. *Id.*; *cf. Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (variances based solely on disagreement with Guidelines subject to closer review).

Several Sentencing Commission policy statements, as well as congressional directives, support a sentence within the applicable guideline range. In particular, as is discussed in the following section of this memorandum, the Sentencing Commission's policy statements urge significant terms of imprisonment in tax cases, particularly where the crime is the defendant's primary source of income.

### D. Nature, Circumstances, and Seriousness of the Offense.

Section 3553(a)(1) and (a)(2)(A) require that this Court's sentence reflect the nature, circumstances, and seriousness of the offense, the need to promote respect for the law, and the need to provide just punishment. In other words, the sentence must provide adequate retribution for the crime from a societal perspective.

Congress and the Sentencing Commission recognized that, prior to the Sentencing Guidelines, white-collar crimes of fraud and tax evasion were treated too leniently. *See,*

4

*e.g.*, *Mistretta v. United States*, 488 U.S. 361, 375 n.9 (1989). The inadequacy of sentences for such crimes was a primary concern of Congress when it enacted Section 3553. *See United States v. Ture*, 450 F.3d 352, 357-58 (8th Cir. 2006) (tax crimes); *United States v. Livesay*, 587 F.3d 1274, 1279 (11th Cir. 2009); *United States v. Davis*, 537 F.3d 611, 617 (6th Cir. 2008); *see also* 28 U.S.C. § 994(m); U.S.S.G. § 1A1.4(d) (prior to the Guidelines, "courts sentenced to probation an inappropriately high percentage of offenders guilty of certain economic crimes, such as . . . tax evasion [and] fraud . . . that in the Commission's view are 'serious'"), U.S.S.G. § 2T1.1 cmt. background (number of probationary tax sentences should be reduced).

Congress and the Sentencing Commission view tax crimes as serious offenses which should result in significant sentences of imprisonment, even where loss amounts are relatively low. This is particularly true when a defendant's primary source of income is derived from the criminal activity. 28 U.S.C. § 924(i)(2); U.S.S.G. §§ 2T1.4(b)(1), 4B1.3 (criminal livelihood). The recommended sentences for such crimes have been significantly increased since the Guidelines took effect in 1987. *See* U.S.S.G. amends. 237, 491, 617. In sentencing the defendant, this Court should account for the Sentencing Commission's position regarding tax crimes.

Robinson's tax crimes were particularly egregious. He recruited and directed numerous co-conspirators while he was serving a lengthy prison sentence. From within the walls of the Faribault and Stillwater prisons, Robinson helped other convicted felons

steal money from the federal government. Several examples, with the attempted loss amounts, include:

| Arson | Michael Rolla ($5,076) |
|---|---|
| Assault | Darnell Wilkes ($4,179) |
| Burglary | Barry Michaelson ($5,076); Christopher Perkins ($2,811) |
| Criminal Sexual Conduct | Michael Herron ($1,847); Michael Jauert ($2,143); James Marek ($1,867); Gary Olsen ($2,265); Elroy White ($5,076) |
| Domestic Assault | Roddric Drumgold ($4,000); Antonio Jordan ($1,857) |
| Drugs | Robin Erickson ($6,581); Carlos Lozano-Enrique ($5,076); Travis Winner ($1,857) |
| Homicide | Malachi Andrews ($3,406); Michael Gray ($2,143); Victor Hawkins ($5,076); Philander Jenkins ($1,857); Lavon Johnson ($2,062); William McClendon ($6,417); Jason Nordin ($5,093); Porter Webb ($5,076) |
| Robbery | Kaylyn Johnson ($1,867); Terrance Johnson ($4,205); Chester Jones ($1,867); Willie Stanifer ($2,019) |
| Weapons | Marcus Luckett ($1,764); Bernard Miles ($1,764) |

To execute the scheme, Robinson recruited help from outside the prisons, including his cousin Carmen Allen.

### E.   General Deterrence.

In determining the appropriate sentence, the Court must consider the need for the sentence "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). This factor is particularly significant for tax offenses, where potential criminals generally do not act out of passion or opportunity but are more calculating. In addition, prosecutions of this sort are more time consuming and cannot be pursued as readily as other types of prosecutions. Relatedly, the incidence of the crime is very high. These concerns are addressed in a Sentencing Commission policy statement in the preamble to the tax fraud guidelines:

6

> Because of the limited number of criminal tax prosecutions relative to the estimated incidence of such violations, deterring others from violating the tax laws is a primary consideration underlying these guidelines. Recognition that the sentence for a criminal tax case will be commensurate with the gravity of the offense should act as a deterrent to would-be violators.

U.S.S.G. § 2T1, introductory cmt.; *cf.* 28 U.S.C. § 994(c)(7) (incidence of crime significant to determining appropriate sentence).

### F.  Unwarranted Sentence Disparities.

In determining the defendant's sentence, this Court should strive "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). To accomplish this, the Court must consider the sentencing practices of judges throughout the country as well as the recommendations of Congress and the Sentencing Commission.

### G.  Public Explanation for Any Variance.

This Court has substantial discretion to vary from the applicable guideline range. Should it choose to do so, however, it must explicitly and publicly provide the reasons for its variance. Section 3553(c) provides:

> The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and if the sentence . . . (2) is not of the kind, or is outside the [applicable guideline range], the specific reason for the imposition of a sentence different from that described . . . .

18 U.S.C. § 3553(c)(2); *see also United States v. Cole*, 721 F.3d 1016, 1024 & n.3 (8th Cir. 2013); *United States v. Chettiar*, 501 F.3d 854, 861-62 (8th Cir. 2007). In addition, "[t]he court shall provide a transcription or other appropriate public record of the court's

7

statement of reasons, together with the order of judgment and commitment, to the Probation System and to the Sentencing Commission . . . ." 18 U.S.C. § 3553(c). If a non-guidelines sentence is imposed, this Court must "ensure that [its] justification is sufficiently compelling to support the degree of the variance." *Gall v. United States*, 552 U.S. 38, 50 (2007). In explaining the sentence, "a major departure [or variance] should be supported by a more significant justification than a minor one." *Id.; see also Cole, 721 F.3d at 1024.*

The requirement of a public and specific explanation for a variance serves many purposes. In addition to furthering the goal of securing "nationwide consistency," *Gall*, 552 U.S. at 49; *see also* 18 U.S.C. § 3553(a)(6), it promotes public confidence in the criminal justice system and ensures the sentence is determined after appropriate deliberation, *Gall*, 552 U.S. at 50; *Rita v. United States*, 551 U.S. 338, 357 (2007); *see also* 18 U.S.C. § 3771 (victim rights); U.S.S.G. § 1A1.2 (statutory mission). A sentence is procedurally and substantively unreasonable if the sentencing court's reasons are insufficient to justify the extent of a variance. *E.g.*, 18 U.S.C. § 3742(f)(2); *United States v. Richart*, 662 F.3d 1037, 1054 (8th Cir. 2011).

## **CONCLUSION**

This Court should sentence Robinson to a term of imprisonment with the range of 84 to 105 months.

Dated: January 12, 2015                          Respectfully submitted,

                                                 ANDREW M. LUGER
                                                 United States Attorney

                                                 s/ Michael L. Cheever

                                                 By: Michael L. Cheever
                                                 Assistant U.S. Attorney