

Law Offices

*Larry Leventhal & Associates*

319 Ramsey Street
St. Paul, Minnesota 55102

Phone: (612) 333-5747
Fax: (651) 222-2607
E-mail: lleven6001@aol.com

January 12, 2015
Via Electronic Mail

Honorable Donovan W. Frank
United States District Court
724 Federal Building
316 N. Robert Street
St. Paul, MN 55101
E:  frank_chambers@mnd.uscourts.gov;
Brenda_Schaffer@mnd.uscourts.gov

> Re:  United States of America v. Tony Terrell Robinson
> Court File No.:  14-cr-264(1)(DWF/JJK)
> **DEFENDANT'S POSITION PAPER CONCERNING PRESENTENCE
> REPORT**

Dear Judge Frank:

Defendant Tony Terrell Robinson through his undersigned attorney herein presents to the Court his position and objections concerning the content of the Presentence Investigation Report ("PSR") as prepared by United States Probation Officer, Kiah A. Smith. References below are made to the Title and/or Paragraph No. as contained in the PSR.

Page F-1 – Release Status:  It is noted that the Defendant was released from State custody on December 15, 2014.

Page F-2 – Race:  Defendant's race should be stated as Mixed, inclusive of Black, Caucasian, Hispanic, and American Indian.

Page F-2 – Education:  The Defendant's completion of a GED should be noted.

Page 1, Paragraph 3:  Mr. Robinson is no longer in state custody.

Page 2-3, Paragraph 12:  It is Defendant's understanding that a Power of Attorney document executed by himself was found as a result of a search of co-defendant Tezlaff's paperwork.  However he is unaware of any 1040EZ forms signed by himself found at that time, or of any evidence suggesting such provided by the Government.

Page 4-5, Paragraph 18: It should be noted that the information contained within the table is a representation of information provided by the government and that the probation office did not recalculate the amounts presented or independently assess the responsibility of Mr. Robinson for these sums.

Page 5, Paragraph 19: The Plea Agreement sets forth the dates of Defendant Robinson's participation in the conspiracy as being from "October 2009 through at least October 2012." Defendant denies the specification in the Presentence Report that it continued through "at least March 2013".

Page 6, Paragraph 23: It should be noted that the responsibility of Mr. Robinson as to attempted loss and actual loss arise from tabulations provided by the Government.

Page 8, Paragraph 36: The analysis by the Probation Officer would provide a two level enhancement under the relatively recent guideline revision appearing at USSG§2B1.1(b)(11)(C). This provision provides in part:    "If the offense involved ... (C)(i) the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification... increase by 2 levels ....." This provision, however, addresses the utilization of a means of identification to obtain new identification, not improperly utilizing identification to obtain monies and thereafter placing such monies into a particular form of deposit identified by a debit card.  A debit card, unless otherwise utilized is a form of deposit equivalent to establishing a bank account, not a prohibited form of identification.  The scheme did not involve utilizing debit cards, and none were utilized that Defendant Robinson is aware of.  However, the enhancement that the Probation Officer suggests to be applicable would not impact the sentencing range obtained through utilization of the guidelines since the cross reference is higher and thus controlling as to the offense at issue.

Ms. Smith suggests that the 2-point enhancement for use of identification to unlawfully produce, or obtain, any other means of identification should generally apply in a case in which a means of identification of an individual, other than the defendant, was utilized. Defendant does not believe that this is a relevant observation as there is, to his knowledge, no evidence of any usage by either himself, or a named conspirator, of any debit card for identification purposes related to the crime as to which he has pled guilty.

Pages 10-11, Paragraphs 54 and 55: At item 54, the PSR suggests assignment of 3 points for a conviction of "financial transaction – credit card fraud (felony)" resulting in a 15-month sentence from Dakota County District Court.

At Item 55, the PSR suggests assignment of 2 points for "identify theft (felony)" resulting in sentence of one-year and one-day from Hennepin County District Court.

Position Paper
Page 3

The Dakota County offense is described as being in an attempt by the Defendant to purchase a thousand dollars in merchandise by providing identification in a victim's name with a request to look up a credit account. The Hennepin County offense is described as utilization of victim's names to open up credit cards at Sear's department stores.

Attached hereto are the respective Complaints filed in Hennepin County District Court on November 8, 2007 (Exhibit A) and Dakota County District Court, on June 4, 2008 (Exhibit B). The two complaints clearly illustrate that they are interrelated and essentially part of the same criminal transaction.

Within the Complaint from Dakota County, dated June 4, 2008, it is alleged that Mr. Robinson in June 2007, attempted to purchase over a thousand dollars in merchandise by utilizing a name with the initials B.Z. It is asserted that Mr. Robinson claimed he lost identification and only had a paper Minnesota Driver's License and a fitness club membership card. It was further noted that the fitness club membership card presented a picture that did not match Mr. Robinson, and that he was stopped shortly after he left. Mr. Robinson entered a plea to the felony of financial transaction card fraud in violation of Minnesota Statute 609.821, subd. 1 on March 17, 2009. Count II alleging driving after suspension was dismissed.

The Hennepin County Complaint, dated November 8, 2007, alleges that between May 30, 2007, and July 20, 2007, at Sear's stores located in Hennepin County and Dakota County, the Defendant used identification belonging to B.Z. and S.S. to commit financial transaction fraud. Specifically, it is alleged that Mr. Robinson used information associated with B.Z. to charge $3,595.47 worth of merchandise at a Bloomington Sear's store on May 30, 2007 and the following day, again using paper ID in the name of B.Z. unsuccessfully attempted to buy a television set at a Sear's store in Brooklyn Center. It also alleges that on May 31, 2007, at the Sear's store located in Burnsville in Dakota County, Mr. Robinson used the identification associated with B.Z. to purchase clothing and two gift cards which were later redeemed at the Brooklyn Center Sears Store. The Hennepin County Complaint within the narrative discussion alleges that at a Sear's Store in Burnsville, Mr Robinson used a recently opened Sear's account in the name B.Z. to buy $1,100 in electronic items and clothing, but was denied. This is the same charge as to which the offense in the Dakota County Complaint relates. It is charged as occurring "on or about June 28, 2007, in the City of Burnsville…" (although in the preceding narrative, the offense is inaccurately stated to have occurred on June 28, 2007). The Sears Store in Burnsville, Dakota County is located at: 14250 Buck Hill Rd, Burnsville, Minnesota 55337.

It is clear that paragraph 54 and paragraph 55 of the PSR both address the same course of conduct that the Hennepin County Complaint alleges occurred between May 30, 2007 and July 20, 2007, within both Hennepin and Dakota Counties, while the Dakota County

Position Paper
Page 4

Complaint focuses on a single incident on June 26, 2007.

For the above course of conduct, the PSR suggests that Mr. Robinson be assigned five (5) Criminal History points. That is excessive, and two (2), three (3) or four (4) points would be more appropriate and in line with the rationale underlying assessment of criminal history categories within the Sentencing Guidelines. The Hennepin County District Court charge of Identity Theft covers a sequence of identity theft instances involving Mr. Robinson, including the event in Dakota County on June 26, 2007. The sentence for the offense was a year and a day, which qualifies for 2 points under the sentencing guidelines.

The single incident charged in Dakota County received a fifteen (15) month sentence, which, on its own, would qualify for three (3) points. However, it is redundant and thus should be disregarded. Alternatively, three (3) or four (4) points should be assigned to the total sequence, rather than five (5). Thus the criminal history points of Mr. Robinson appropriately total seven (7), eight (8), or nine (9) criminal history points, rather than the ten (10) points that the Presentence Investigation Report asserts. His Criminal History Category should be specified as Category IV.

Ms. Smith in her PSR, observes that pursuant to USSG 54A 1.2(a)(2), prior sentences are to be counted separately if the sentences imposed for those offenses were separated by an intervening arrest. She does not address the explanatory language that follows "i.e. the Defendant is arrested for the first offense prior to committing the second offense." Mr. Robinson was arrested in Hennepin County for conduct alleged to have occurred between May 30, 2007 and July 20, 2007 "at Sears Stores located in Bloomington, Hennepin County, Minnesota, and in Burnsville, Dakota County, Minnesota;" including "a fraudulent transaction on June 28, 2007 at a Sears Store in Burnsville, Dakota County, Minnesota ...." Mr. Robinson was not arrested for the first offense prior to committing a second offense. Rather, the Hennepin County offense is a course of conduct which, by its own description, included incidents occurring both before and after the incident addressed in the Dakota County Complaint.

If the Court agrees with the suggestion of the PSR that the Criminal History of Mr. Robinson should be specified as Category V (despite the relationship of the Hennepin County identity theft and Dakota County financial transaction card fraud convictions), it should utilize a downward departure in the sentencing of Defendant pursuant to USSG 54A 1.3 - Overstated Criminal History. This Section provides that a downward departure may be warranted "if reliable information indicates that the Defendant's criminal history category substantially over represents the seriousness of his criminal history." As the conduct for which Mr. Robinson was convicted in Dakota County is specifically included in the conduct associated with his conviction in Hennepin County, the resulting criminal history of the two convictions substantially over-represents the seriousness of his conduct.

<u>Page 21, Paragraph 108:</u>  <u>Guideline Range</u>.  Utilizing Criminal History Category IV and a total offense level of twenty-three (23), in accordance with the comments provided above, would provide a guideline imprisonment range of seventy (70) to eighty-Seven (87) months.

<u>Page 22, Paragraph 120:</u>  <u>Cost of imprisonment</u>:  There is a specific cost of imprisonment associated with Mr. Robinson that is not noted in the Presentence Report.  He receives prescription medicine which has been paid by Medicaid.  The cost of this medicine as it appears on the invoices that Mr. Robinson has received is $4,700 per month.  Presumably this will be an expense that the Bureau of Prisons would be responsible for during incarceration.

<u>Page 22, Paragraph 121:  Restitution.</u>  Certain of the Restitution monies attributable to Mr. Robinson are as specified in the PSI, a joint and severable responsibility of co-defendant Tanka James Tetzlaff.  It should be observed also that co-conspirators Carmen Allen, Vanessa Walberg, and DeeAnna Crist also each under their respective sentences by the Court each bear a limited joint and severable responsibility as for restitution of certain of the monies.

<u>Page 23, Part E</u>:  There are factors that warrant a departure from the applicable sentencing guideline range.  These include:

a.) Departure pursuant to USSG § 4A1.3 - Overstated Criminal History.  See comments above relative to Paragraphs 54 and 55 as to the appropriate Criminal History Category.

b.) The clarity of the interrelationship of Mr. Robinson's two financial convictions, warrant downward departure should the Court not agree that the accurate Criminal History score places Defendant in Category IV.

c.) Defendant's Minnesota State Probation Revocation provided for incarceration for up to 120 days until he secured an approved residence. His relocation from MCF - Lino Lakes to the Sherburne County Jail effectively precluded his ability to find a suitable residence.  Staff assistance he was receiving in this regard at Lino Lakes was not available at the Sherburne County Jail.  He should accordingly be given full federal credit for all time served since his arraignment.

d.) During Defendant's change of plea hearing on October 16, 2014, the Court considered a motion by Defendant that he be returned to State custody at MCF – Lino Lakes, and denied such Motion.  However, the Order issued by the Court provided that the Defendant be afforded reasonable opportunity to utilize

the law library and computer facilities at the Sherburne County Jail. The Court, addressing the Defendant, advised that it was aware that time at the Sherburne County Jail is generally "Hard Time" and that in the past the Court has granted additional credit beyond the number of days served to reflect this Hard Time. Incidents of Hard Time are reflected in an Affidavit that Mr. Robinson previously submitted to the court. Since the Court's Order, Defendant's need to digest food along with late evening medication has been accommodated, but only by switching Mr. Robinson to a diabetic diet where he gets a late night sandwich but is deprived of certain foods he would otherwise enjoy within meal service. He has been allowed usage of the computer for legal research, but it has not been useful in the preparation of his anticipated Writ to the U.S. Supreme Court as search material software covers immigration law, but not criminal law. His requests for copies of identified cases have not been accommodated.

The Defendant has accepted responsibility for his criminal actions. He does, however, for reasons stated above, disagree with the suggested assignment to Criminal History Category V within the PSR. The appropriate category is IV and this would result in a guideline imprisonment range from between seventy (70) to eighty-Seven (87) months. A sentence at the lower end of this range would be appropriate as would a further downward departure. Such a sentence would be sufficient to comply with the factors set forth in 18 U.S.C. 3553(a).

Defendant requests that the Court recommend that he be placed in a facility in Minnesota in order that he might receive visits from his mother and his father and other family members. He would further desire placement in a facility in which a program is available in which he might realistically address his drug dependency, and where educational opportunities are presented.

Thank you for your consideration of the above.


Very truly yours,

Larry Leventhal
LBL/cme
Enclosure
cc:    Michael L. Cheever, Esq.
       Tony Robinson
       Kiah A. Smith