UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 14-264(1) (DWF/JJK) |
| | Civil No. 17-1726 (DWF) |
| Respondent-Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Tony Terrell Robinson, | |
| Petitioner-Defendant. | |

**INTRODUCTION**

This matter is before the Court on Petitioner-Defendant Tony Terrell Robinson's ("Petitioner-Defendant") *pro se* Motion for Reconsideration of Judgment filed on September 13, 2017. (Doc. No. 139.) Petitioner-Defendant has moved this Court, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to modify its August 23, 2017 judgment (Doc. No. 138). Petitioner-Defendant is requesting that this Court rescind its August 23, 2017 Memorandum Opinion and Order ("August 23, 2017 Order"), (Doc. No. 137), denying his § 2255 motions, (Doc. Nos. 121, 128), and to permit him to file a response to the June 29, 2017 Government's Memorandum in Opposition to Defendant's Motion to Accept Untimely § 2255 Motion (Doc. No. 130). The government opposes Petitioner-Defendant's motions. (Doc. No. 142.) The Court granted Petitioner-Defendant's motion for an extension of time to respond to the government's reply, (Doc. No. 143), and received Petitioner-Defendant's reply to the government's

memorandum in opposition to his motion for reconsideration on January 8, 2018 (Doc. No. 145).

## BACKGROUND

The Court will not repeat the detailed background it set forth in its August 23, 2017 Order (Doc. No. 137). It incorporates that Order at this time to this Memorandum Opinion and Order.

However, the Court notes that on September 13, 2017 Petitioner-Defendant filed a motion asking this Court to reconsider its August 23, 2017 Order denying his § 2255 motions. (Doc. No. 139.) On the same date, Petitioner-Defendant also filed a *pro se* Affidavit in Support of Motion for Reconsideration of Judgment. (Doc. No. 140.) Petitioner-Defendant asserted that he was making his motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

## DISCUSSION

Respectfully stated, the Court stands by its decision, including its findings and conclusions set forth in its August 23, 2017 Order, which is attached hereto as Attachment A.

Significantly, with or without the response of the government at this time or prior to the Court's decision in its August 23, 2017 Order, the Court's decision, then and now, remains exactly the same.

Close scrutiny of the record before this Court, including all submissions by Petitioner-Defendant, entirely forecloses any notion that Petitioner-Defendant received

ineffective assistance of counsel under *Strickland v. Washington* either at the trial level or at the appellate level. 466 U.S. 668 (1984). In fact, the Court would go one step further and state that not only was there not any actual prejudice to Petitioner-Defendant, but, based upon the entire record before this Court, the Court cannot envision any evidence that it could have received or excluded that would have changed in any way Petitioner-Defendant's sentencing. Importantly, that remains the case, given the Court's careful scrutiny of all transcripts and the entire record in this matter, and it remains the case, as the Court stated in its August 23, 2017 Order with respect to Petitioner-Defendant's seventh claim which, even though untimely, the Court addressed the merits relating to his trial counsel's failure to advise him to seek release on bond, pending trial, rather than agree to remain in custody. As the Court stated in its August 23, 2017 Order:

> [The Court] sentenced Petitioner-Defendant to 84-months' imprisonment after taking into account the time he had spent in custody after charges were brought against him in the case before this Court. (ST 42-44, 55-58; *see* ST 57 ("I built that in.").) This Court, as it noted during the sentencing hearing, would have sentenced Petitioner-Defendant to more than 84 months if it had not taken that into account.

(Doc. No. 137 at 12.)

## EVIDENTIARY HEARING

Based on the record before the Court, including all submissions by Petitioner-Defendant, the Court continues to find and conclude that there is no reason for the Court to further explore any credibility issues with respect to Petitioner-Defendant's

3

claims.  A § 2255 motion can be dismissed without a hearing when:  (1) defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact.  *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998).  Applying that standard to the Petitioner-Defendant's allegations and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.

## CERTIFICATE OF APPEALABILITY

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1).  A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).

The Court has considered whether the issuance of a COA is appropriate.  *See Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997).  In that context, the Court concludes that no issue raised is "debatable among reasonable jurists."  *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)).  The Petitioner-Defendant has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA.  28 U.S.C. § 2253(c)(2).

## CONCLUSION

Based upon the presentations and submissions of the parties, including the most recent submissions of Petitioner-Defendant; the Court again having carefully reviewed the entire record in this matter; and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Petitioner-Defendant Tony Terrell Robinson's *pro se* Motion for Reconsideration, (Doc. No. [139]), of the Court's Order denying his motion to vacate, set aside or correct sentence is respectfully **DENIED**.

2. No evidentiary hearing is required in this matter.

3. No certificate of appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 16, 2018          s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge