# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,                              Criminal No. 14-264 (DWF/JJK)

                    Plaintiff,

v.                                                      **MEMORANDUM**
                                                       **OPINION AND ORDER**

Tony Terrell Robinson,

                    Defendant.

---

Robin M. Wolpert, Esq., Sapientia Law Group PLLC, counsel for Defendant.

Ana H. Voss and Michael L. Cheever, Assistant United States Attorneys, United States Attorney's Office, counsel for the Government.

---

## INTRODUCTION

This matter is before the Court on Defendant Tony Terrell Robinson's[1]

("Robinson") Motion to Modify Sentence of Imprisonment in light of the COVID-19

pandemic.[2]  (Doc. No. 227 ("Motion").)  The United States of America (the

"Government") opposes Robinson's Motion.  (Doc. No. 231 ("Govt. Opp.").)  The Court

also received and considered Robinson's reply to the Government's opposition.  (Doc.

---

[1]     Robinson changed her sexual identity in 2019 and now identifies as female.  (*See* Doc. No. 229 ("Def. App.") at 733, 777.)

[2]     The Court also received and considered Robinson's letter to the Court and the numerous letters in support of her release.  (Def. App. at 2052-2058.)

No. 236 ("Reply").)  For the reasons discussed below, the Court respectfully denies Robinson's Motion.

## BACKGROUND

A comprehensive background is set forth in the Court's August 23, 2017 Order and is incorporated here by reference.  (*See* Doc. No. 137 ("August 2017 Order").)  In brief, on October 16, 2014, Robinson pled guilty to one count of Conspiracy to Defraud, in violation of 18 U.S.C. § 286, and one count of False Claims, in violation 18 U.S.C. §§ 2 and 287.[3]  (Doc. Nos. 68, 69.)  The offense conduct was perpetrated while Robinson was concurrently serving three separate Minnesota state felony offenses.[4]  (PSR ¶¶ 54-56.)  On January 23, 2015, this Court sentenced her to 84 months' imprisonment to be followed by a 3-year term of supervised release.  (Doc. No. 84.)  She is scheduled to complete her sentence on March 29, 2021.  (Def. App. at 1980.)

After serving approximately 68 months of her sentence, Robinson became eligible for home detention and home confinement on September 29, 2020.  (*See* Def. App. at 1979, 1989 1989, 1995.)  She was released to halfway house in Minneapolis, Minnesota on October 9, 2020.  (Def. App. at 1984, 1995.)  After receiving multiple

---

[3]     The conspiracy involved filing false income tax returns and fraudulently applying for tax refunds.  (Def. App. at 1997-2023 ("PSR") ¶¶ 9-10, 19-22.)

[4]     The offenses included a 2008 first-degree criminal sexual conduct conviction, a 2009 financial transaction fraud conviction, and a 2009 identity theft conviction.  (PSR ¶¶ 54-56.)

incident reports, Robinson was taken back into custody on October 30, 2020.[5]  (Doc.
No. 228 ("Def. Memo.") at 2, 10; *see also* Def. App. at 2040-2044.)  Robinson is
currently incarcerated at the Renville County Jail.  She tested positive for COVID-19 at
the facility on December 1, 2020.  (Def. Memo. at 7.)

Robinson now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)
on the grounds that she is vulnerable to severe infection from COVID-19 because she
suffers from a lifetime history of asthma and difficulty breathing, pericarditis and
myocarditis, obesity, a history of smoking, and a confidential health condition.[6]  (Def.
Memo. at 2, 5-7; 21-28; Reply at 2; Def. Supp. at 1-60, 62; *see also* Def. App. at 1-1366
("Medical Records").)  Since testing positive for COVID-19, Robinson asserts that she
has experienced tightness in her chest, chest pain, coughing, headaches, shortness of
breath, and a dry throat, and asserts that she has had to use her inhaler more times per day
than usual.  (Def. Supp. at 62.)

Robinson also contends that the sentencing factors 18 U.S.C. § 3553(a) support
release.  (Def. Memo. at 28-31.)  She asserts that her "underlying health conditions, her
placement at a facility with COVID-19, her extensive programming and rehabilitation,

---

[5]     The Government asserts that one violation involved refusing to wear a mask inside
the halfway house.  (Govt. Opp. at 3.)  Robinson contests the violations.  (Doc. No. 237
("Def. Supp.") at 61-62.)  With respect to the violation involving refusal to wear a mask,
she claims to have been wearing a face shield.  (*Id.* at 61.)

[6]     Robinson also cites a number of other medical conditions including:  (1) family
history of diabetes; (2) back injury and pain; (3) hemorrhoids; (4) muscle pain; (5) knee
problems; (6) prior surgeries: (7) history of substance abuse; and (8) anxiety and major
depressive disorder; and (9) head injury with loss of consciousness.  (Def. Memo. at 5-7.)

her minimal disciplinary history at [her previous facility], the absence of a public safety

risk, and the large percentage of her sentence served," make it unlikely that she will

engage in future criminal conduct.  (*Id*. at 28-29.)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment

if it finds that "extraordinary and compelling reasons warrant such a reduction."

18  U.S.C. § 3582(c)(1)(A)(i).  Such "extraordinary and compelling reasons" include

(1) medical conditions which diminish the ability of the defendant to provide self-care in

prison and from which he or she is not expected to recover, (2) age-related deterioration,

(3) family circumstances, and (4) other extraordinary and compelling reasons that exist

either separately or in combination with the previously described categories.  U.S.S.G.

§ 1B1.13 ("Sent'g Comm'n Pol'y Statement" or "Statement"), cmt. n.1(a)(ii).[7]  If

"extraordinary and compelling reasons" exist, a reduction of sentence is appropriate when

"the defendant is not a danger to the safety of any other person or to the community, as

provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing

Commission's] policy statement."  Statement.  The Court must also consider the

sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable."

18 U.S.C. § 3582(c)(1)(A).

---

[7]      While the Statement refers only to motions filed by the BOP Director, the Court
construes the statutory command pursuant to § 3582(c)(1)(A)(ii) that any sentence
reduction be "consistent with applicable policy statements issued by the Sentencing
Commission" to mean that the Statement also applies to motions filed by defendants.

Notwithstanding, a defendant may move for a sentence reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Specifically, a defendant may move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."[8] *Id.* Because Robinson is being held at a county jail, she is not required to exhaust remedies through the Bureau of Prisons.[9] Accordingly, the Court may properly consider her Motion.

Nevertheless, after a careful review of Robinson's Motion, Medical Records, and other documentation, the Court finds that her circumstances do not meet the demanding standard necessary for compassionate release. The Court acknowledges that some of Robinson's medical conditions, including obesity, asthma, and smoking, and hypertension place her at heightened risk of severe illness should she contract COVID-19 again. Centers for Disease Control and Prevention, Coronavirus Disease: People with Certain Medical Conditions, *https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html* (last visited Jan. 26, 2021).

---

[8]     Although judicially created exhaustion requirements may sometimes be excused, no exception applies to a statutory command such as that presented in Section 3582(c)(1)(A). *See Ross v. Blake*, 136 S. Ct. 1850, 855-57 (2016) (rejecting judicially created "special circumstances" exception to the exhaustion requirement unambiguously stated in the Prison Litigation Reform Act of 1995).

[9]     The record does reflect that Robinson requested compassionate release from the warden at her previous Bureau of Prisons facility on March 29, 2020 (Def. App. at 2059). Robinson asserts that she never received a response. (Def. Memo. at 20-21.)

Notwithstanding, the Court finds that release is not appropriate because, having already contracted and recovered from COVID-19, there is no indication that Robinson's medical conditions substantially diminished her ability to provide self-care while incarcerated or that she would not be expected to recover should she become reinfected with the virus. *See* Statement; *see also United States v. Lemon,* Cr. No. 08-246 (DSD), Doc. No. 93 at 5 (D. Minn. Jun. 24, 2020) (denying compassionate release to inmate with multiple medical conditions who had previously contracted and recovered from COVID-19); *United States v. Somers*, Cr. No. 18-96 (DWF), 2020 WL 5097097, at *4 (D. Minn. Aug. 28, 2020) (denying compassionate release for defendant who had twice contracted the virus and who suffered obesity, diabetes, and high blood pressure).  The Court understands that Robinson believes that the lingering effects from the virus have compromised her ability to provide self-care in prison.  (Reply at 2-3.)  The record reflects, though, that Robinson has been provided regular medical care at the Renville County Jail and that her conditions are being appropriately monitored.  (*See* Def. Supp. at 1-60.)

Moreover, even if the Court were to find extraordinary and compelling circumstances, the Court would decline to grant release because it cannot conclude that Robinson no longer poses "a danger to the safety of any other person or the community." Statement.  Moreover, the Court finds that the § 3553(a) sentencing factors weigh against release.  18 U.S.C. § 3553(a).

The Court recognizes that Robinson has served most of her sentence and commends her for her commitment to rehabilitation.  The Court also stands by its statement during Robinson's sentencing that she "has a great chance of making it."  (Doc.

No. 94 at 43.)  The Court cannot overlook, though, that almost immediately upon being released to a less secure environment, Robinson declined to comply with the rules.  This form of immediate insubordination fails to indicate respect for authority or to support Robinson's position that she will remain law abiding when on if granted compassionate release.  The Court is hopeful, and truly believes that it is possible, that upon completion of her sentence, Robinson *will* make it if she chooses to do so.

In short, while the Court understands the gravity of the COVID-19 pandemic and recognizes Robinson's concerns, the Court finds that the circumstances do not warrant release.  Accordingly, the Court respectfully denies Robinson's Motion.

Notwithstanding, because Robinson is scheduled to be released in March, in the event that the BOP and probation are willing to work together to coordinate an earlier release plan, whether that is release to a halfway house or another setting, the Court will work with the parties.

## CONCLUSION

For the reasons set forth above, the Court finds that Robinson is ineligible for compassionate release because she does not present an extraordinary and compelling reason and the § 3553(a) factors weigh against it.

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Tony Terrell Robinson's Motion to

modify Sentence of Imprisonment in light of the COVID-19 pandemic (Doc. No. [227])

is respectfully **DENIED**.


Date:  January 29, 2021                                    s/Donovan W. Frank
                                                          DONOVAN W. FRANK
                                                          United States District Judge